# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL THOMAS,
:
    Petitioner,                               Case No. 1:11-cv-333

:         District Judge Michael R. Barrett
  -vs-                                   Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden, Chillicothe
 Correctional Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

       This is a habeas corpus case brought by Petitioner Michael Thomas *pro se* to obtain relief from his conviction in the Hamilton County Common Pleas Court for trafficking in cocaine and having a weapon while under disability. After a trial by jury, the trial court imposed a sentence of ten years on the trafficking count and five years consecutive on the weapons under disability count, resulting in the fifteen year sentence Petitioner is now serving in Respondent's custody.

      Petitioner pleads four grounds for relief:

> **Ground One:** The Sixth Amendment guarantees disclosure of a confidential informant as mandatory when the degree of participation of the informant is such that the informant virtually becomes a state witness.
>
> **Supporting Facts:** In the case sub judice the facts are 1) The trial court allowed the State to use testimonial hearsay to procure its conviction and 2) The trial court overruled petitioner's motion to disclosure to reveal informant when it was clear the State would use his/her statements to procure a conviction and support its prosecution of petitioner.

-1-

> **Ground Two:** The Sixth Amendment guarantees an accused the right to have effective assistance of counsel during an adversarial judicial proceeding.
>
> **Supporting Facts:** In the case at bar petitioner contends that it was clearly obvious from the testimony of defense witness Ms. Beasley that there was an issue requiring immediate attention in regards to her consent to search. Petitioner's trial counsel intentionally circumvented inquiring further into Ms. Beasley testimony in order to shift a winning advantage to the State.
>
> **Ground Three:** The Sixth and Fourteenth Amendment guaranteed reopening, App. 26(B), when petition [sic] raised a winning genuine issue in his application.
>
> **Supporting facts:** In the case at hand petitioner contends that his appellate counsel was ineffective for failing to raise the issue that testimonial hearsay was used in his trial. While the court of appeals acknowledge appellant counsel's ineffectiveness the court chose to say the error was harmless. Petitioner points out the fact that his guilt was not proven beyond a reasonable doubt because without the testimonial hearsay there was no other evidence to convict him. In addition the court of appeals argued for the State concerning the genuine issue instead of appointing petitioner new counsel to litigate his testimonial hearsay claim.
>
> **Ground Four:** The Fourteent [sic] Amendment Equal Protection Clause guarantees that no person shall be denied protection of laws including State application of laws.
>
> **Supporting Facts:** Petitioner was convicted for violating O.R.C. 2923.13(A)(3) which lacks a mental state. Indictment was defective for failing to give notice of essential mens rea element recklessness in accordance with O.R.C. 2901.21(B).

(Petition, Doc. No. 1, PageID 5-10.)  On Judge Barrett's Order (Doc. No. 3), Respondent has filed a Return of Writ (Doc. No. 8).  Although a date was set for Petitioner to file a reply or traverse, he has not done so.

The background facts of the case as recited by the Hamilton County Court of Appeals are as follows:

>The evidence presented during a jury trial established that the Cincinnati police department had received a tip from a confidential informant that Thomas possessed a loaded firearm and was selling drugs in the Bond Hill area of Cincinnati. Cincinnati police officer Jason Hubbard, dressed in plainclothes, acted on this tip. Hubbard witnessed Thomas as he exited from an apartment building previously identified by the confidential informant, engaged in several hand-to-hand drug transactions, and then entered a parked vehicle that had also been mentioned in the informant's tip. A known prostitute was in the passenger seat of this vehicle. Thomas then engaged in several more drug transactions through his car window.
>
>Uniformed officers initiated a traffic stop of Thomas. Marijuana and a large sum of money were found on his person. A loaded firearm, found to be operable, was found beneath the vehicle's passenger seat, but within reach of the driver's seat. Thomas was wearing a chain containing several keys. One key opened the door to 5725 Carthage Avenue in Norwood. The informant had previously told the police that Thomas stored his crack cocaine and marijuana at this home in Norwood.
>
>Bridgette Beasley, the mother of Thomas' child, lived at this location, and she gave police permission to search the residence. The search resulted in the discovery of approximately 46 grams of crack cocaine that had been hidden in the basement ceiling, a digital scale containing cocaine residue, and a box of sandwich bags. In addition, the police found clothing and personal papers belonging to Thomas and a lock box in a closet. One of the keys that had been found on Thomas' neck opened this box, which contained ammunition similar to that found in the weapon during the traffic stop.
>
>After being read his Miranda rights, Thomas admitted ownership of the crack cocaine, but denied any knowledge or ownership of the loaded weapon.
>
>Thomas testified on his own behalf at trial and denied engaging in any drug transactions. Rather, Thomas asserted that he had been about to make a purchase from a street stand when the police pulled up, pointed a gun on him, and forced him to enter a car that had been parked on the street. He further denied that he had admitted ownership of the crack cocaine.

*State v. Thomas*, Case No. C-090229 (Ohio App. 1st Dist. Dec. 16, 2009)(copy at Return of Writ,

Doc. No. 8, Ex. 22, PageID 195-196).

### Ground One

In his First Ground for Relief, Petitioner complains that the trial court allowed the admission of hearsay from an informant as a part of the prosecution's case, but would not reveal the identity of the informant, despite Petitioner's request. There are thus two sub-claims here, failure to identify the informant and allowance of the hearsay.

**1.    Failure to identify the informant:**

The court of appeals analyzed this sub-claim under the Compulsory Process Clause which provides that a criminal defendant shall have the benefit of the court's compulsory process (usually subpoena or writ of habeas corpus ad testificandum for an incarcerated witness) to obtain the presence of witnesses at trial.

The court of appeals decided this claim on the merits and held:

> The identity of a confidential informant must be disclosed when "the degree of participation of the informant is such that the informant virtually becomes the state's witness." But the identity of an informant need not be disclosed when "disclosure would not be helpful or beneficial."
>
> [D]isclosure would not have aided Thomas in his defense. The informant directed police to the location at which Thomas had been selling drugs. But the police verified all information proved by the informant, found a large quantity of drugs that Thomas admitted ownership of, and personally witnessed Thomas engaging in several drug transactions.

*State v. Thomas, supra*, PageID 197.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The state has a qualified privilege to maintain the secrecy of an informant's identity. In a criminal case, the trial court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957).

In this case, the court of appeals found on the basis of the evidence presented that the informant's identity and testimony would not have been helpful to Petitioner because everything the informant told the police had been confirmed by them. There is no showing that the informant was an active participant in Petitioner's crime or that anything he might have had to say would have been exculpatory. The informant here merely provided tips, albeit very good ones, which the police verified on their own.

Petitioner has therefore not shown that the court of appeals' decision on this first sub-claim was an objectively unreasonable application of *Roviaro* and the first sub-claim should be dismissed. *See also United States v. Jenkins,* 4 F.3d 1338, 1341 (6th Cir. 1993).

**2.      Admission of Hearsay - Confrontation Clause Violation**

In his second sub-claim in Ground One, Petitioner asserts he was convicted on the basis of

hearsay testimony from the informant admitted through the testifying police officer in violation of his rights under the Confrontation Clause.

Respondent asserts Petitioner procedurally defaulted on this claim by not presenting it on direct appeal. Petitioner attempted to overcome this omission by filing an application to reopen the direct appeal on grounds that his appellate attorney had provided ineffective assistance by failing to raise this issue. The court of appeals denied the 26(B) application, holding:

> Thomas also challenges appellate counsel's effectiveness in failing to submit an assignment of error contending that the trial court, by admitting a police officer's testimony concerning a confidential informant's statements to the officer, denied Thomas the right of confrontation secured by the Sixth and Fourteenth Amendments to the United States Constitution, as interpreted by the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354. The informant's statements describing Thomas's involvement in the criminal activity with which he had been charged were testimonial statements that had not been subject to prior confrontation. *See State v. Lewis*, 1st Dist. Nos. C-050989 and C-06001O, 2007-0hio-1485, 1140, appeal not accepted for review, 115 Ohio St.3d 1410, 2007-0hio-4884, 873 N.E.2d 1315 (*citing United States v. Cromer* [C.A.6, 2004], 389 F.3d 662, 675); *accord State v. Hart*, 1st Dist. No. C-060686, 2007-Ohio-5740, ¶ 22, appeal not accepted for review, 117 Ohio St.3d 1426, 2008-0hio-969, 882 N.E.2d 446, and were not demonstrably admissible for any constitutionally permissible purpose. See *Crawford*, 541 U.S. at 36, fn. 9; *Lewis, supra*, at 1141-43. Thus, the admission of the officer's testimony to the informant's statements violated Thomas's right to confront his accusers. *See Hart, supra*, at 1135. But the trial court's error in admitting the officer's testimony was harmless beyond a reasonable doubt because the testimony was cumulative of, and materially corroborated by, substantial admissible evidence proving Thomas's guilt. *See id.* at 1137-41. Accordingly, appellate counsel cannot be said to have performed deficiently in failing to assign this matter as error.

*State v. Thomas*, Case No. C-090229 (Ohio App. 1st Dist. June 8, 2010)(unreported, copy at Return of Writ, Doc. No. 8, Ex.6, PageID 263-264)("State v. Thomas II").

Thus the court of appeals decided on the merits Petitioner's claim that it was ineffective assistance of appellate counsel not to raise this Confrontation Clause claim on direct appeal. As a decision on the merits of a constitutional claim later raised in habeas corpus, it is entitled to deference under § 2254(d)(1).

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id. citing*

*Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id. citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004)*;See Smith v. Murray*, 477 U.S. 527 (1986).

The court of appeals determined it was not ineffective assistance of appellate counsel to fail to assign error in allowing the hearsay because the admission of the hearsay was harmless beyond a reasonable doubt. Confrontation Clause error is subject to harmless error analysis. *Jordan v. Hurley,* 397 F.3d 360 (6th Cir. 2005), *citing Bulls v. Jones,* 274 F.3d 329, 334 (6th Cir. 2001). Given that all of the informant's statements were corroborated by independent eyewitness police officer testimony and that a great deal more testimony and Petitioner's admissions confirmed his guilt, the court of appeals was correct in finding admission of the hearsay harmless. That being so, an assignment of error raising the claim on direct appeal would have been unavailing and it was not ineffective assistance of appellate counsel to fail to plead that error. Petitioner's second sub-claim is therefore without merit and should be dismissed with prejudice.

**Ground Two**

Bridgette Beasley is the mother of Thomas' child and was residing in the house at 5725 Carthage Avenue where much of the cocaine attributed to Petitioner was found. She was a defense witness at trial and Petitioner's trial counsel did not conduct a re-direct examination. Petitioner asserts he was denied effective assistance of trial counsel by that failure. He raised this claim as his sixth assignment of error on direct appeal and the court of appeals decided it as follows:

> Following our review of the record, we conclude that counsel was not ineffective for failing to conduct a redirect examination. The information that Thomas asserts should have been elicited was thoroughly covered during direct examination. Thomas has failed to demonstrate what additional information this witness could have provided, and he was not prejudiced by counsel's failure to conduct a redirect examination.

*State v. Thomas, supra*, (copy at Return of Writ, Doc. No. 8, Ex. 6, PageID 200). A review of the relevant portions of the transcript shows that Beasley's claim she "consented" to the search only after police violence was already in the record (Return of Writ, Doc. No. 8, Ex. 15, PageID 587-588.). To the extent Petitioner claims Ms. Beasley had additional useful testimony to give which is not in the record but which was known to his counsel, he could have introduced that evidence into the record through a petition for post-conviction relief under Ohio Revised Code § 2953.21, but no such petition was ever filed.

Petitioner has failed to demonstrate that the court of appeals' decision on his claim of ineffective assistance of trial counsel regarding potential Beasley redirect is an objectively unreasonable application of *Strickland v. Washington, supra*. His Second Ground for Relief should therefore be dismissed with prejudice.

**Ground Three**

In his Third Ground for Relief, Petitioner claims his constitutional right to have his direct appeal reopened was violated by the manner in which the court of appeals disposed of his Ohio R. App. P. 26(B) Application.

There is no constitutional right to a state collateral remedy for ineffective assistance of appellate counsel. Indeed, there is no constitutional right to appeal at all. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Nor is habeas corpus the proper forum in which to raise deficiencies in state post conviction process. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir.1986).

In any event, for the reasons given with respect to sub-claim two of the First Ground for Relief, Petitioner's claim of ineffective assistance of appellate counsel is without merit.

Ground Three should also be dismissed with prejudice.

## Ground Four

In his Fourth Ground for Relief, Petitioner claims he was denied equal protection of the laws when his indictment did not include the required mens rea of recklessness.

The claim relates to the Third Count of the Indictment which charged Petitioner with having weapons under disability. The precise allegation was that he knowingly acquired, had, carried, or

used a firearm after having been convicted of felony possession of drugs August 18, 1998, and trafficking in drugs on September 27, 1993 (Indictment, Return of Writ, Doc. No. 8, PageID 241).

This claim was not raised on direct appeal, but was presented as an improperly omitted assignment of error in Petitioner's Application for Reopening under Ohio R. App. P. 26(B). The court of appeals decided the ineffective assistance of appellate counsel claim on the merits as follows:

> In his application, Thomas contends that he was denied the effective assistance of counsel because his appellate counsel failed to submit an assignment of error challenging his indictment as defective on the ground that the indictment count charging him with having weapons under disability had omitted the culpable mental state. An indictment is defective if it does not charge the culpable mental state. *See State v. Colon*, 118 Ohio St.3d 26, 2008-0hio-1624, 885 N.E.2d 917, ¶18. And 'for purposes of proving the offense of having a weapon while under disability pursuant to R.C. 2923.13(A)(3), the mental state of recklessness applies in determining whether the defendant [was] aware that he or she [was] 'under indictment.'" *See State v. Clay*, 120 Ohio St.3d 528, 2008-01110-6325, 900 N.E.2d 1000, ¶ 28. Thomas was indicted for having a weapon while under a disability in violation of R.C. 2923.13(A)(3). But the charged "disability" was not a pending indictment, but two drug-related convictions. And Thomas must be said to have had notice of his prior convictions. Thus his indictment was not defective because, for purposes of determining whether he had been aware that he had prior convictions, the mental state of recklessness did not apply. *See State v. White*, 8th Dist. No. 90839, 2009-Ohio-4034, ¶ 16-21, appeal not accepted for review 123 Ohio St. 3d 1497, 2009-Ohio-6015, 916 N.E. 2d 1076 (distinguishing *Clay* because a defendant must be said to have been on notice of a charged disability when the disability was a prior conviction); accord *State v. Reed*, 8th Dist. No. 93346, 201O-0hio-1866, 1180-85. Accordingly appellate counsel cannot be said to have performed deficiently in failing to assign this matter as error. *See White, supra*, at 1121.

*State v. Thomas II, supra* (copy at Return of Writ, Doc. No. 8, PageID 263).

It is unclear why Petitioner pleads this as an Equal Protection claim. He certainly makes no

-11-

allegations that similarly situated criminal defendants in Ohio have been permitted to insist on a mens rea element for having weapons under the disability of prior conviction. Making a distinction between requiring recklessness when the disability is having been indicted and not requiring proof of a mental state when the disability is a prior felony conviction is certainly a rational distinction. One can be indicted by the grand jury and have no notice of it until one is arrested. On the other hand, American jurisprudence, with very limited exceptions, does not permit conviction of a felony *in absentia*, so one would certainly know if one had been convicted of a felony. Thus there is no colorable Equal Protection claim.

There is also no federal constitutional right to grand jury indictment for state crimes because the Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

The determination of what constitute the elements of a crime under state law is completely a question of state law. Assuming the even that the court of appeals was wrong here about what is required to be proved on Count Three, this Court could not reexamine that question. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because the state court of appeals decided that the crime in question did not have a required mental state as to the element of prior conviction, an assignment of error raising that claim would have been unavailing and therefore failure to raise it did not constitute ineffective assistance of appellate counsel. The court of appeals decision to that effect is not an unreasonable application of *Strickland, supra.*

Ground Four is therefore without merit and should be dismissed with prejudice.

March 22, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).